10-1825-cv
*Zangara v. Int'l Painters & Allied Trades Indus. Pension Fund*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of June,  two thousand eleven.

PRESENT:     PIERRE N. LEVAL,
             DEBRA ANN LIVINGSTON,
             RAYMOND J. LOHIER, JR.,
                          *Circuit Judges*.

---

RALPH S. ZANGARA,
             *Plaintiff-Appellant*,

-v.-                                              No. 10-1825-cv

INTERNATIONAL PAINTERS AND ALLIED
TRADES INDUSTRY PENSION FUND,
             *Defendant-Appellee*.

---

SCOTT A. STEPIEN, Law Office of Ronald D. Anton, Niagara Falls, New York, *for Plaintiff-Appellant*.

KENT CPREK (Judith Sznyter, *on the brief*), Jennings Sigmond, P.C., Philadelphia, Pennsylvania, *for Defendant-Appellee*.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff-Appellant Ralph S. Zangara, Sr. ("Zangara") appeals from a judgment of the United States District Court for the Western District of New York (Skretny, *C.J.*), entered March 31, 2010, granting summary judgment for Defendant-Appellee International Painters and Allied Trades Industry Pension Fund (the "Fund") as to Zangara's claims for violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and the Full Faith and Credit Act, 28 U.S.C. § 1738. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On appeal, Zangara asserts that the Fund breached a fiduciary duty owed to him by, *inter alia*, (1) failing to alter his pension payment option prior to the commencement of his benefits, despite allegedly timely oral requests to do so, and misleading him into believing someone would return his telephone calls; (2) citing authority contrary to his position in denying his appeals; (3) failing to provide an unambiguous form with which he could waive automatic application of the husband-and-wife payment option; and (4) requiring him to provide a court order of abandonment when no such order is available in New York. As an initial matter, Zangara does not appear to have made these particular arguments in the district court, and "[i]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 132 (2d Cir. 2008) (internal quotation marks omitted). Nevertheless, Zangara's claim lacks merit.

Zangara asserts that he attempted to change his pension payment option by telephone in September 1995, after his wife had abandoned him. The plan, however, clearly indicates—both in the Summary Plan Description ("SPD") and the plan document—that waiver of the husband-and-wife option must be made by written request, accompanied by a notarized spousal consent. The

SPD, for example, expressly states that a participant's pension is automatically payable in the form of a husband-and-wife pension "unless you and your spouse reject this form in writing before a Notary Public." Similarly, the plan document provides that the husband-and-wife option may be waived only if the participant files a written waiver and the participant's spouse "acknowledges the effect of the waiver and consents to it in writing, witnessed by a Notary Public." Moreover, contrary to Zangara's assertion, made for the first time on appeal, the Fund *did* provide a form with which a participant could waive the husband-and-wife option, appearing on the same page (and directly below) the field in which Zangara expressly selected that his benefits be paid in the form of the "Husband and Wife Pension."[1]

Nor did the Fund breach any duty to Zangara by citing authority contrary to his position in rejecting his post-divorce requests to alter his pension payment option. A plan is not required to recognize a waiver of benefits through external documents—not amounting to a Qualified Domestic Relations Order within the meaning of ERISA, *see* 29 U.S.C. § 1056(d)(3)—if such form of waiver conflicts with plan documents. *See Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*, 555 U.S. 285, 129 S. Ct. 865, 875-77 (2009) (refusing to "blur the bright-line requirement to follow plan documents in distributing benefits"). And even at the time Zangara requested that the Fund alter his pension payment option in 1997 and 2006, albeit before *Kennedy*, this Court had already adopted

---

[1] Nor is there merit to Zangara's contention that the Fund violated a duty to him by requiring a court order of abandonment in order to waive spousal consent. First, there is no evidence in the record that Zangara made *any* request whatsoever to the plan that the spousal consent requirement be waived on account of abandonment. Regardless, abandonment is a well-established ground for an order of separation in New York State, and Zangara could have obtained an order of separation to that effect. *See* N.Y. DOM. REL. LAW § 200(2) (McKinney 2010) (listing abandonment as a justification for separation); *see also* 47A N.Y. Jur. 2d Domestic Relations § 2040 (2011) (noting that "[a]n action may be maintained by a husband or wife . . . to procure a separation on the ground of . . . abandonment").

3

just such a rule. *See Krishna v. Colgate Palmolive Co.*, 7 F.3d 11, 16 (2d Cir. 1993). Accordingly, on the record presented, it is clear that the Fund did not violate any fiduciary duty allegedly owed to Zangara.

We have considered all of Plaintiff-Appellant's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk